UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EFREN ESCOBAR-MENDOZA, : | |
|     Petitioner : | Cv. No. 08-CV-00949 (HHK) |
| : | |
| v. : | |
| : | |
| MICHAEL MUKASEY, Attorney General : | |
| of the United States, : | |
| : | |
| and : | |
| : | |
| HARLEY G. LAPPIN, Director, Federal : | |
| Bureau of Prisons, : | |
|     Respondents : | |

### UNITED STATES' MOTION TO TRANSFER DEFENDANT'S APPLICATION FOR WRIT OF HABEAS CORPUS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer defendant's pro se application for writ of habeas corpus, to the United States District Court for the Western District of Louisiana. In support of this motion, the United States submits the following:

### ARGUMENT

On June 3, 2008, the defendant filed in the U.S. District Court for the District of Columbia an application for writ of habeas corpus. In his motion, the defendant challenges the constitutionality of the statutes under which he was convicted. Def. Mot. at 1. In essence, the defendant is requesting that the Bureau of Prisons release him immediately because, he alleges, the statutes under which he was convicted were never properly enacted into law. He further contends that even had the statutes been properly passed by both houses of congress that they

should still be invalidated because they were signed by President Truman, whom the defendant alleges, has been proven by history to be a dishonest president. Because this claim relates solely to the duration of the defendant's confinement, his claim is properly raised through a petition for a writ of habeas corpus. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc) (habeas corpus is the exclusive remedy for a federal prisoner challenging his parole eligibility date); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir 2000) (habeas is the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody); Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (same); In Re Peltier 2004 WL 3019530, *1 (D.C. Cir. Dec. 30, 2004) (same); Forrester v. U.S. Parole Comm'n., 310 F.Supp. 2d 162, 168-170 (D.D.C. 2004) (same); see also Alston v. United States, 590 A.2d 511, 514 (D.C. 1991) (challenge to execution of sentence must be raised in petition for a writ of habeas corpus); United States v. Mares, 868 F.2d 151, 151-52 (5th Cir. 1989) (per curiam) (challenge as to sentence calculation must proceed under habeas provision); United States v. Kennedy, 851 F.2d 689, 690 (3rd Cir 1988) (challenge to execution of federal sentence properly challenged under habeas provision).[1]

Nevertheless, the defendant's claim cannot be brought in the District of Columbia, because the Court lacks personal jurisdiction. Since the defendant is presently confined in the

---

[1] Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), does not dictate a different result. In that case, the Supreme Court held that state prisoners may challenge the constitutionality of parole procedures under 42 U.S.C. § 1983, and need not resort to habeas, where the challenge would not "necessarily demonstrate the invalidity of confinement or its duration." Id. at 1248. Here, by contrast, the defendant's challenge to the constitutionality of the statutes under which he was convicted and sentenced, if successful, would necessarily shorten the duration of his confinement. Therefore, habeas is the exclusive remedy for the defendant's claims. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (habeas is exclusive remedy for state prisoner challenging deprivation of good time credits).

Western District of Louisiana and not the District of Columbia, the defendant's habeas petition cannot be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 125 S. Ct. 448 (2004); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner"); Chatman-Bey, 864 F.2d at 810 ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner").

    Accordingly, this Court should transfer the defendant's motion to the U.S. District Court for the Western District of Louisiana, after giving the defendant notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey, 864 F.2d at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").[2]

---

[2] Even should this court consider the merits of the defendant's application for writ of habeas corpus, the government submits that it must be denied. Notwithstanding defendant's opinion of President Truman's integrity, the defendant's challenge to the constitutionality of the

**CONCLUSION**

Wherefore, for the above stated reasons, the defendant's motion should be transferred to the Western District of Louisiana, after giving the defendant notice of the proposed transfer and an opportunity to respond.

A proposed order is attached.

<div style="margin-left: 50%;">

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

\_\_\_/s/_____
JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division

\_\_\_/s/_____
KACIE M. WESTON
Assistant United States Attorney
Special Proceedings Division
MD Bar
Kacie.weston@usdoj.gov
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530
(202)353-9870

</div>

---

statutes criminalizing his conduct are completely unsupported by evidence or relevant authority. Accordingly, the defendant has provided no genuine basis upon which this court could grant his petition for writ of habeas corpus.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with the Court and served by mail, upon the defendant, Efren Escobar-Mendoza, Fed. Reg. No. 31637-018, FCI Oakdale, P.O. Box 5000 R-2, Oakdale, LA, 71463, this 22nd day of July, 2008.

                                        ___/s/_____
                                        Kacie M. Weston
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EFREN ESCOBAR-MENDOZA ,** Petitioner | : Cv. No. 08-CV-00949(HHK) |
| v. | : |
| **MICHAEL MUKASEY,** Attorney General of the United States, | : |
| and | : |
| **HARLEY G. LAPPIN,** Director, Federal Bureau of Prisons, Respondent | : |

## ORDER

Upon consideration of the United States' Motion To Transfer Defendant's Petition For Writ of Habeas Corpus, and it appearing to the Court that the defendant's motion should be transferred to the United States District Court for the Western District of Louisiana, it is this_____day of _____, 2008, hereby

**ORDERED** that the defendant may reply to the government's motion to transfer no later than _____. If the defendant does not respond within that time, the Court will treat the matter as conceded, and transfer the defendant's motion to the United States District Court for the Western District of Louisiana, the district in which the defendant is incarcerated.

_____
Henry H. Kennedy
United States District Judge

Copies to:

Efren Escobar-Mendoza
Fed. Reg. No. 31637-018
FCI Oakdale
P.O. Box 5000 R-2
Oakdale, LA 71463

Kacie Weston
Assistant U.S.Attorney
Special Proceedings Division
kacie.weston@usdoj.gov
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530